UNITED STATES DISTRICT COURT  PRIORITY SEND
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-5957-JFW (PLAx)**                         Date:  December 16, 2013

Title:     Latrice Nichols -*v*- Wells Fargo Bank, N.A., et al.

---

**PRESENT:**

    HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMAND TO LOS ANGELES SUPERIOR COURT

    On June 5, 2013, Plaintiff Latrice Nichols ("Plaintiff") filed a Complaint against Defendant Wells Fargo Bank, N.A. ("Defendant") in Los Angeles Superior Court.  On August 14, 2013, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    Defendant alleges diversity jurisdiction exists in the Notice of Removal.  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  In the Notice of Removal, Defendant alleges that "[a]ccording to the Complaint, plaintiff is a citizen of California."  Notice of Removal, ¶ 3.  However, the Complaint only state that Plaintiff is "an individual residing in the County of Los Angeles, State of California."  Complaint, ¶ 1.  "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d

853, 857 (9th Cir. 2001).  Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning the citizenship of the parties, Defendant has failed to meet the burden of establishing that diversity jurisdiction exists.  *See Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005).

In addition, when, as in this case, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]."  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also*  28 U.S.C. § 1446(c)(2). "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.  If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Id.* at 377 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995)); *see also Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, Allstate should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation omitted).  "Conclusory allegations as to the amount in controversy are insufficient."  *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

In the Notice of Removal, Defendant contends that the amount in controversy exceeds $75,000 because "plaintiff's Complaint alleges claims of race and gender discrimination and retaliation under the California Fair Employment and Housing Act, and a claim for wrongful termination and seeks lost wages since June 2011, emotional distress damages, statutory attorney's fees and punitive damages." Notice of Removal, ¶ 7.  However, these conclusory allegations do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See*, *e.g., Melendez v. HMS Host Family Restaurants,* Inc., 2011 WL 3760058, at *3 (C.D. Cal.  Aug. 25, 2011) (concluding that Defendant's speculative assertions regarding front pay, which did not consider mitigating circumstances, were insufficient to show that the plaintiff would more likely than not receive an award for front pay); *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (holding that defendants could not meet the burden of demonstrating the amount in controversy "simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money."); *Gordon v. Allstate Insurance Co.*, 2010 WL 1949164 (D. Ariz. May 13, 2010) (holding that "while verdicts in similar cases can be probative, they are not determinative; Defendants must point to facts that would support a $75,000 or higher punitive damage award in this case.").

Accordingly, Defendant is hereby ordered to show cause, in writing, no later than **December 20, 2013**, why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remand of this action.

IT IS SO ORDERED.